IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:17CR00513-007 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| KAYLA MAE JONELA, | ) | **SENTENCING MEMORANDUM** |
| | ) | |
| Defendants. | ) | |
| | ) | |

  Now comes the Defendant, Kayla Mae Jonela, by and through her undersigned counsel, Kevin M. Cafferkey, and hereby files this sentencing memorandum.  Ms. Jonela respectfully requests this Honorable Court to consider a sentence sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553.  Ms. Jonela respectfully requests this Honorable Court to consider her remorse, acceptance of her responsibility, minor role, overstatement of her criminal history, commitment to substance abuse and mental health treatment programs, her harsh upbringing and the application of the First Step Act when imposing a reasonable sentence. Based upon the foregoing, Ms. Jonela is respectfully requesting to be sentenced to a term of probation.  A more thorough explanation of this request is set forth in the attached Memorandum in Support incorporated herein by reference.

                 Respectfully Submitted,

                 /s/ Kevin M. Cafferkey_____
                 KEVIN M. CAFFERKEY, (#0031470)
                 Attorney for the Defendant
                 55 Public Square
                 2100 Illuminating Building
                 Cleveland, OH 44113
                 (216) 363-6014
                 kmcafferkey@hotmail.com

**MEMORANDUM IN SUPPORT**

**I.     BACKGROUND.**

On December 6, 2017, Kayla Mae Jonela was named in a 29-count Indictment along with fourteen (14) codefendants for allegedly violating 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C), Conspiracy to Possess with Intent to Distribute Fentanyl, Heroin, Cocaine, and U-47700. On February 1, 2019, Ms. Jonela pled guilty to Count One of the Indictment pursuant to a written Rule 11(c)(1)(A) Plea Agreement. As a result, the government will move to dismiss Counts Four, Five, Eight, and Twenty-two of the Indictment at sentencing. Further, the plea agreement states that each party is free to recommend whatever sentence it believes to be appropriate. Ms. Jonela's case was referred to the United States Pretrial Services and Probation Office for preparation of a Presentence Investigation and Report ("PSR").

On December 7, 2017, Ms. Jonela was arrested in this case and detained. On December 22, 2017, this Honorable Court released her on a $20,000 unsecured bond. Since that date, she has been subject to pretrial supervision and conditions of release which include substance abuse testing, substance abuse treatment and mental health treatment. While on pretrial supervision, Ms. Jonela has submitted twenty-nine (29) drug screens, with only one positive result on December 7, 2017.[1] At the time of her sentencing, she will have been on pretrial supervision with this Honorable Court for approximately 508 days (1 year, 4 months, 22 days).

**II.    MS. JONELA'S CRIMINAL HISTORY OVER REPRESENTS THE SERIOUSNESS OF HER CRIMINAL HISTORY.**

Ms. Jonela's criminal history category of III over represents the seriousness of her criminal history. A sentencing judge is "entitled to rely on 'any ... policy statement[ ] or commentary in the guidelines that might warrant consideration in imposing sentence.'" U.S.S.G.

---

[1] Her PSR also indicates three (3) negative results that were noted as dilute.

§ 1B1.1. Section§4A1.3(b)(1) states, "If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted."

Ms. Jonela received one (1) criminal history point for Operating a Vehicle Under the Influence ("OVI") in Parma, Ohio on November 16, 2016 and one (1) criminal history point for Operating a Vehicle Under the Influence ("OVI") in North Royalton, Ohio on October 30, 2016. She was sentenced to serve three (3) days imprisonment on each of those cases. Ms. Jonela also received two (2) additional criminal history points for committing this instant offense while under probation for her OVI offense pursuant to U.S.S.G. §4A1.1(d). Other than her two (2) arrests for misdemeanor offenses only days apart when she was twenty-one (21) years old, Ms. Jonela does not have any other criminal convictions. Further, it is clear that her two (2) prior offenses, as well as her current offense, were all linked to her untreated substance abuse and mental health issues, to which she is currently receiving active counseling and treatment.

Ms. Jonela respectfully requests this Honorable Court to consider a departure from the applicable sentencing guideline range for the over-representation of her criminal history category pursuant to U.S.S.G. §4A1.3(b) and apply a criminal history category of II instead of III.

### III. FIRST STEP ACT SHOULD BE APPLIED AND MS. JONELA SHOULD RECEIVE THE BENEFITS OF SAFETY VALVE.

United States Pretrial Service and Probation Officer Naomi Morgan indicated the following as potential grounds for a variance from the applicable sentencing guideline provisions:

> "The defendant appears to meet the statutory provisions for safety valve under the First Step Act. The First Step Act did not impact the application of the safety valve under the guideline calculations.

> Therefore, the defendant did not receive the two-level adjustment to her Offense Level Computations. The Court may want to consider providing the reduction in anticipation of a change to the Federal Sentencing Guidelines. If the Court provides such, it would result in a two-level reduction to her total offense level..."

(PSR, R. 270, PAGE ID 2159-2160). Pursuant to the First Step Act, Ms. Jonela now meets the criteria set forth in the safety valve provision. *See* U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f). As a result, Ms. Jonela respectfully requests that this Honorable Court consider this applicable change in law when imposing a reasonable sentence.

### IV. EVALUATION OF 18 U.S.C.A. §3553(a) FACTORS TO DETERMINE A REASONABLE SENTENCE.

#### A. LAW.

In fashioning an appropriate sentence, the District Court cannot presume that the Guideline range is reasonable but rather must also consider the factors enumerated in 18 USC §3553(a) to determine if an adjustment is warranted. *United States v. Booker*, 543 U.S. 220, 245-46, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). 18 U.S.C 3553(a) requires the Court to impose a sentence that is sufficient, but not greater than necessary and lists factors to be considered in imposing a sentence. Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, provide just punishment, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, provide the defendant with needed training, care or treatment; (3) the kinds of sentences available; (4) the kinds and range of sentence under the guidelines; (5) pertinent policy statements by the Sentencing Commission; and (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct", and (7) the need to provide restitution.

Since Booker and its progeny, the sentencing court may now consider even those mitigating factors that the advisory guidelines prohibit, e.g., poverty, racial discrimination and humiliation, drug abuse and addiction, dysfunctional family background, lack of guidance as a youth, etc. See: *United States v. Ranum*, 353 F. Supp.2d 984 (E.D. Wisc. 2005) ("the guidelines" prohibition of considering these factors cannot be squared with the Section 3553(a)(1) requirement that the court evaluate the "history and characteristics" of the Defendant... thus, in cases in which a Defendant's history and characteristics are positive, consideration of all of the Section 3553(a)(1) factors might call for a sentence outside the guideline range").

**B. SENTENCING FACTORS PURSUANT TO 18 U.S.C. § 3553.**

Ms. Jonela was born on April 29, 1995 in Cleveland, Ohio and will be twenty-four (24) years old at the time of her sentencing. Ms. Jonela is the product of an environment to which she had no control over. She had a very rough childhood and young adulthood. Her father always had problems with drugs and alcohol, as well as, domestic violence. Her mother also suffered from substance abuse issues. By the age of nine (9), she had already seen her father and mother get arrested. Police were called to the home once or twice every few months. She had to be removed from the home at times with her brother. The home was riddled with abuse.

Ms. Jonela's mother went to jail when she was only nine (9) and her grandmother came to the home to help her father raise the two children. The family was struggling financially, often without electricity or heat. The explosive relationship between her parents got worse when Ms. Jonela's mother returned home from prison. Her parents eventually separated when she was eleven (11) years old. As a result of their financial struggles, the family moved very often. Her mother continued to get involved in abuse relationships. It was around that time that Ms. Jonela began suffering additional abuse that lasted until adulthood. *See* (PSR, R. 270, PAGE ID 2151).

Along with her mother, Ms. Jonela has also personally experienced physically abusive relationships with ex boyfriends. Victims of childhood abuse are well documented to have issues with depression, anxiety, crime in adulthood, self-destructive behavior, drug abuse and other post-traumatic stress disorders.

Ms. Jonela attended Valley Forge High School in Parma until only her sophomore year. Although Ms. Jonela did not complete high school, she has recently stated taking her GED tests through Cuyahoga Community College. To date, she has passed three out of four of the tests she needs to receive her GED. Getting her GED is something that Ms. Jonela is looking forward to as she knows this will open the door for her future employment opportunities. In addition, Ms. Jonela hopes to continue pursuing her education at Cuyahoga Community College until she can ultimately transfer to a full time college.

This Honorable Court can consider the need to provide the defendant with necessary training, care or treatment when imposing a reasonable sentence. Regarding her need for treatment, Ms. Jonela began seeing a mental health provider in November of 2018. Ms. Jonela has also been referred to a psychologist for counseling on top of the prescribed medication she now takes. Ms. Jonela is looking forward to continuing her mental health treatment with the resources provided by this Honorable Court. The mental health treatment and counseling will help her deal with the struggles she has faced in the past as documented in her PSR. She also wants to move forward in the future without turning to illegal substances to cope with her mental health issues.  Her current boyfriend is supportive of Ms. Jonela's rehabilitation and making sure she lives a clean and sober lifestyle in the future. She has great hope that her life will continue to improve.

For the years prior to her arrest in this case, Ms. Jonela had been abusing drugs and alcohol on a daily basis. This instant matter has really affected Ms. Jonela. She has truly learned the criminal consequences of her conduct and drug abuse. Ms. Jonela has accepted responsibility for her actions and apologized to all who were negatively affected by her criminal actions, as documented in her statement to probation accepting responsibility for her actions. *See* (PSR, R. 270, PAGE ID 2147). Ms. Jonela knows that she needs to move forward and learn from the mistakes she has made in this case and continue living a sober lifestyle. As this Honorable Court is aware, the treatment programs Ms. Jonela would have access to on probation far exceed what is available in prison.

Ms. Jonela is thankful that she is finally in a substance abuse program, mental health treatment program, and educational program that can truly change her life. She is thankful for all the support that has been provided to her and hopes to continue her treatment outside of prison.

**V.      CONCLUSION**

Ms. Jonela respectfully requests this Honorable Court consider all of the 18 U.S.C. § 3553(a) factors described above and impose a sentence that is sufficient but not greater than necessary to achieve the statutory goals of sentencing. Ms. Jonela prays this Honorable Court sentence her to a term of probation that would allow her to continue her substance abuse treatment, mental health counseling, and gain steady employment to support herself.

    Respectfully Submitted,

    /s/ Kevin M. Cafferkey_____
    KEVIN M. CAFFERKEY, (#0031470)
    Attorney for the Defendant
    55 Public Square
    2100 Illuminating Building
    Cleveland, OH 44113
    (216) 363-6014
    kmcafferkey@hotmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Kevin M. Cafferkey
KEVIN M. CAFFERKEY, (#0031470)
Attorney for the Defendant